IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SAM WELLS,

        **Plaintiff,**

  vs.                            Case No. 17-cv-029-DRH

KIMBERLY BUTLER,
MINH T. SCOTT,
REBECCA COWAN,
RANDY S. PFISTER,
CHAD M. BROWN,
ABERARDO A. SALINAS,
SALVADOR A. GODINEZ, and
LESLIE MCCARTY

        **Defendants.**

## NOTICE OF IMPENDING DISMISSAL

**HERNDON, District Judge:**

Plaintiff Sam Wells filed this action pursuant to 42 U.S.C. § 1983 for due process violations that allegedly occurred at Menard Correctional Center and Pontiac Correctional Center. (Doc. 1). In his complaint, plaintiff seeks monetary damages. (Doc. 1).

On January 12, 2017, this case was opened in the Southern District of Illinois without payment of a filing fee or the filing of a motion and affidavit to proceed in District Court without prepaying fees or costs ("IFP motion"). (Doc. 1) (Doc. 4). On January 12, 2017, the Clerk of Court sent plaintiff a letter (Doc. 4) advising him that he must prepay the filing fee of $400.00 or file an IFP motion within thirty (30) days (*i.e.*, by February 13, 2017). Plaintiff was clearly warned

that failure to prepay the full filing fee or file an IFP motion by February 13, 2017, would result in dismissal of this case. *Id.* Document 4 was mailed to plaintiff at the address listed on the complaint and on file with the Clerk's Office in this action at the time – Hill Correctional Center. Attached to this letter was a form IFP motion. Plaintiff has filed nothing further.

To date, plaintiff has not paid the $400.00 filing fee for the action or filed a properly completed IFP Motion. The Court cannot allow this matter to linger indefinitely. The deadline set in Document 4 remains in effect.

Plaintiff is hereby **ORDERED** to provide the Court with a filing fee of $400.00 or a properly completed IFP motion on or before **March 14, 2017**. The Clerk is **DIRECTED** send plaintiff another form IFP motion.

Plaintiff is again **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his address. The Court will not independently investigate plaintiff's whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.

**Failure to comply with this Order shall result in dismissal of this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

    IT IS SO ORDERED.

    DATED: February 14, 2017.

Judge Herndon
2017.02.14
10:07:33 -06'00'

United States District Judge